# EXHIBIT A

\\

## Commonwealth of Massachusetts

NANTUCKET, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1975CV00005

Bankers Standard Ins. Co., PLAINTIFF(S),

v.

Castle + Cottage Ventures Inc., et al., DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Cottage + Castle Ventures, Inc. 37 Old South Rd #6 Nantucket, MA (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Nantucket Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing or mailing your **signed original** Answer with the Clerk's Office for Civil Business, Superior Court, 16 Broad Street, Nantucket, MA 02554, by mail or in person, **AND**
   b. Delivering or mailing a copy of your Answer to the Plaintiff's Attorney/Plaintiff at the following address: 346 East Broadway, South Boston, MA 02127

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "**Motion to Dismiss**," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing the Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

*a true copy attest*
*Michael J. [signature]*

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness, Hon. Judith Fabricant, Chief Justice on _____, 20____.

_Mary Elizabeth Adams_
Mary Elizabeth Adams
Clerk of the Courts

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant names in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MAKE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

[                    ]



COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, SS.          SUPERIOR COURT DEPT.

BANKERS STANDARD INSURANCE )
COMPANY, a/s/o JOHN AND LEAH )
MORRIS )
 )
                   Plaintiff, )
 )       Docket No. 1975CV00005
v. )
 )
 )
CASTLE & COTTAGE VENTURES, INC. )         **FILED**
 )
and )         MAR 12 2019
 )
EVEN FLOW DUCTED AIR, INC. )        NANTUCKET SUPERIOR COURT CLERK
 )
                  Defendants.

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Bankers Standard Insurance Company a/s/o John and Leah Morris, by and though its undersigned counsel, as and for its Complaint against the defendants, alleges upon information and belief the following:

### I. PARTIES

1. Plaintiff, Bankers Standard Insurance Company ("the plaintiff"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 426 Walnut Street, Philadelphia, Pennsylvania, 19106, and at all times relevant hereto was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. At all times material herein, John and Leah Morris were the owners of house located at 3 Wood Lily Road, Nantucket, Massachusetts. John and Leah Morris were insured under an insurance policy issued by plaintiff Bankers Standard Insurance Company, policy

number 26871603, which insured them against damages to real and personal property, as well as additional living and extra expenses..

3. Defendant, Cottage & Castle Ventures, Inc., is a corporation organized and existing under the laws of the State of Massachusetts, with a principal place of business at 37 Old South Road, Unit # 6, Nantucket, Massachusetts, and at all times relevant hereto was the developer and builder of the Morris' house.

4. Defendant, Even Flow Ducted Air, Inc., is a corporation organized and existing under the laws of the State of Massachusetts, with a principal place of business at 12 Amelia Drive, Nantucket, Massachusetts, and at all times relevant hereto was an HVAC contractor.

## II. FACTS

1. In 2017, Defendant Cottage & Castle Ventures built a development of houses in Nantucket, Massachusetts, which included the house at 3 Wood Lily Road.

2. Defendant Cottage & Castle Ventures, Inc. entered into a contract with Even Flow Ducted Air, Inc. whereby Even Flow Ducted Air would sell, design, install and test a propane-fired forced hot air furnace at 3 Wood Lily Road, Nantucket, Massachusetts.

3. Pursuant to this contract, Even Flow Ducted Air sold, designed, installed and tested the propane-fired forced hot air furnace at 3 Wood Lily Road, Nantucket, Massachusetts.

4. Defendant Cottage & Castle Ventures, Inc. also installed an alarm system in the house which included a low temperature alarm.

5. Defendant Cottage & Castle Ventures, Inc. also installed a propane tank on the property to supply fuel to the house's heating system.

6. On or about September 1, 2017, defendant Cottage & Castle Ventures sold 3 Wood Lily Road, Nantucket, Massachusetts to John and Leah Morris.

7. In December, 2017, defendant Cottage & Castle Ventures was still attempting to correct punch-list items of defective and/or incomplete work performed in connection with the construction of the house.

8. In an email dated December 12, 2017, Leah Morris sent Jamie Feeley of Cottage & Castle Ventures an email following up on the status of the "punch list of outstanding items," as well as advising Mr. Feeley of "additional items needing to be addressed."

9. Item no. 3 of the "additional items needing to be addressed" stated: "Heat was not working properly. Lewis did manage to get it started but wanted to make you aware of the problem since why it tripped is still a mystery."

10. In response to this email, defendant Cottage & Castle Ventures assured the Morris' that the problem with the heating system would be taken care of.

11. On or about January 3, 2018, the Morris' caretaker for the property visited the house and found there was no heat in the house, despite the thermostats being set at 63 degrees.

12. Upon information and belief, water collected in and around the propane tank, which may have interfered with its supply of propane to the heating systems.

13. The low temperature alarm failed to send a signal to the central station.

14. The Morris' notified defendant Cottage & Castle Ventures, which effectuated repairs to the defective heating system and alarm systems.

15. The heat at the Morris' house stopped working prior to January 3, 2018 due to a defect in the heating system of which the defendant Cottage &Castle Ventures was notified about and was asked to address and correct some three weeks prior.

16. As a result of the defective heating, alarm system and/or propane supply systems failing to work properly, a water pipe in a second floor bathroom froze and burst, causing extensive water damage throughout the entire house.

17. The defendant Cottage & Castle Ventures knew or should have known that there was a problem with the heating and/or propane supply systems that was causing the heating system to stop working. Accordingly, the defendant Cottage & Castle Ventures knew or should have known that this condition required immediate attention and also that the house was in great danger of damage due to frozen pipes unless and until the defects in the heating and/or propane supply systems were corrected.

18. Notwithstanding this knowledge, the defendant Cottage & Castle Ventures failed to correct the problems with the heating and propane supply systems prior to the freeze up.

19. The defendant's negligence, carelessness, recklessness and breaches of warranties were the direct, legal and proximate cause of the damages suffered by the Morris'.

20. As a result of the pipe freeze up and resulting damage referred to above, and pursuant to the aforesaid policy of insurance, Plaintiff has paid the Morris' the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as compensating them for the additional expenses they incurred on account of the freeze up.

21. As a result of said payments, the plaintiff is both legally and equitably subrogated to any and all claims that the Morris' may have against any entity responsible for causing their injuries.

## COUNT I
### NEGLIGENCE v. COTTAGE & CASTLE VENTURES, INC.

22. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 25 as though each were fully set forth at length herein.

23. The pipe freeze up and burst referred to above and consequent damage suffered by plaintiff's insureds was caused by the negligence, carelessness, gross negligence and negligent omissions of defendants, their agents, servants and/or employees in:

      a.    Failing to properly design, install, inspect, test and supervise the installation of a properly functioning forced hot air furnace, a propane supply system and a low temperature alarm;

      b.    Failing to act reasonably and appropriately after being advised by Leah Morris that the forced hot air furnace was improperly shutting down so as to render the house without heat.

24.    By reason of the aforesaid negligence, carelessness, gross negligence and negligent omissions of defendant Cottage & Castle Ventures, Inc., the pipe freeze up and bursting event referred to above took place and resulted in damage and destruction to the Morris' real and personal property.

**COUNT II**
**BREACH OF IMPLIED WARRANTIES OF HABITABILITY AND WORKMANLIKE QUALITY v. COTTAGE & CASTLE VENTURES, INC.**

25.    Plaintiff incorporates by reference herein the averments in paragraphs 1 through 24 as though each were fully set forth at length herein.

26.    In *Albrect v. Clifford*, 436 Mass. 706 (2002), the Massachusetts Supreme Court held that there is an implied warranty of habitability and good workmanlike quality in the sale of newly constructed homes.

27.    The Morris' purchased the subject house from defendant Cottage & Castle, Inc., a builder-vendor.

28.    The defects in the heating system, the propane supply system and the low temperature alarm were latent defects which the Morris' only discovered after the pipes in their house froze on or about January 3, 2018.

29.    The defects in the heating and propane supply systems and the low temperature alarm were caused by the improper design, material and workmanship of the builder vendor and its agents, employees and/or subcontractors.

30.    The defects in the heating and propane supply systems and the low temperature alarm created a substantial question of safety and made the house unfit for human habitation.

31. As a direct and proximate result of the above breaches of warranty, the heating system stopped working and the low temperature alarm failed to signal, resulting in a water pipe in a second floor to freeze and burst.

### COUNT III
### BREACH OF IMPLIED WARRANTY v. COTTAGE & CASTLE, INC.

1. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 35 as though each were fully set forth at length herein.

2. Defendant Cottage & Castle, Inc. failed to provide a propane-fired forced hot air furnace, a propane supply system and a low temperature alarm system that were merchantable, fit and adequate for their foreseeable and intended uses and free from defects in their design, manufacture, assembly and/or warnings and instructions, which constitute breaches of Cottage & Castle, Inc.'s warranties and obligations, for which the defendant is strictly liable in warranty and tort.

3. As a direct and proximate result of the above breaches of warranties, the pipe freeze up and burst occurred and resulted in extensive damage to the property owned by plaintiff's insureds.

### COUNT IV
### NEGLIGENCE v. EVEN FLOW DUCTED AIR, INC.

32. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 38 as though each were fully set forth at length herein.

33. The pipe freeze up and burst referred to above and consequent damage suffered by plaintiff's insureds was caused by the negligence, carelessness, gross negligence and negligent omissions of defendant Even Flow Ducted Air, Inc., its agents, servants and/or

6

employees in failing to properly design, install, inspect, test and supervise the installation of a properly functioning forced hot air furnace.

34. By reason of the aforesaid negligence, carelessness, gross negligence and negligent omissions of defendant Even Flow Ducted Air, Inc., the pipe freeze up and bursting event referred to above took place and resulted in damage and destruction to the Morris' real and personal property.

## COUNT V
### BREACH OF IMPLIED WARRANTIES v. EVEN FLOW DUCTED AIR, INC.

4. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 37 as though each were fully set forth at length herein.

5. Defendant Even Flow Ducted Air, Inc. failed to provide a propane-fired forced hot air furnace that was merchantable, fit and adequate for its foreseeable and intended use and free from defects in its design, manufacture, assembly and/or warnings and instructions, which constitute breaches of its warranties and obligations, for which the defendant is strictly liable in warranty and tort.

6. As a direct and proximate result of the above breaches of warranties, the pipe freeze up and burst occurred and resulted in extensive damage to the property owned by plaintiff's insureds.

WHEREFORE, the plaintiff demands judgment against the defendants, as follows:

(1) For judgment against the defendant in an amount to be determined by the Court together with interest and costs as allowed by law;

(2) For their attorney's fees; and,

(3) For such other relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

The Plaintiff Bankers Standard Insurance Company respectfully claims trial by jury on all issues to the extent permitted by law.

Dated: 3/6/2019

        PLAINTIFF BANKERS STANDARD
        INSURANCE COMPANY, a/s/o JOHN and LEAH
        MORRIS

        By its Counsel,

        *Patrick J. Loftus III*
        Patrick J. Loftus, III,
        Loftus & Loftus PC
        546 East Broadway
        South Boston, MA 02127
        617-268-7777
        pjl@loftusandloftuspc.com

        Matthew F. Noone (*Of Counsel*)
        Cozen O'Connor
        One Liberty Place
        1650 Market Street
        Philadelphia, PA 19103
        (215) 665-2192
        mnoone@cozen.com